Barrett, J.
It is conceded that an action at law will not lie in the courts of this state against a foreign executor. The plaintiff, however, contends that such an action will lie against a foreign executor who has taken out ancillary letters here. No authority is furnished in support of this contention, and it is contrary to the general doctrine upon the subject. Where a foreign executor has reduced assets of the decedent within our jurisdiction, to his pas-, session, he will be compelled to account therefor in equity. And where he has secured such assets by virtue, of his ancillary letters, he may be required by the surrogate to pay the debts of the decedent due to creditors within the state (Code of Civil Procedure, section 2101), Unless otherwise directed by the surrogate, or by the judgment or order of a , court of record, the person to whom ancillary letters are issued must transmit the money or- other personal property of the decedent, received by him, to the state where the principal letters were granted, to be disposed of pursuant to the laws of that state (Code, sec. 2100). In the case at bar, the plaintiff is not a resident creditor, nor has the executrix received any money or other property of the decedent under her ancillary letters, or at all in this state. All, therefore, that is necessary for me to decide is, that a judgment at law cannot be recovered against her here by such foreign creditor'. The plaintiff must resort to the forum of the original appointment.
*59 It is claimed that the action is an equitable one, because it seeks to charge the estate of a deceased partner. But the plaintiff simply demands a money judgment, and he makes this demand against the defendant as such foreign executrix. The defendant is none the less a foreign executrix because we have authorized her by ancillary letters to collect the assets of the decedent within our jurisdiction. She is in no just sense a domestic executrix. The equitable action, for which alone authority is to be found in the cases, is by a resident creditor for an accounting with regard to assets actually collected within this state by a foreign executor, and for a proper distribution thereof. This has been allowed to prevent a total failure of justice. Field v. Gibson, 56 How. P. R., 232; affirmed 20 Hun, 276; Brown v. Brown, 1 Barb. Ch., 189; McNamara v. Dwyer, 7 Paige, 239; and see other cases cited in Field v. Gibson. And it is so allowed, as was said by Davis, P. J., in Field v. Gibson, where an “ executor or an administrator has come into this state, bringing assets of the estate, or has taken out letters of administration in this state in respect to assets located here.” But that would seem to be the limit of authority.
The complaint must, therefore, be dismissed, with costs.